**AMOS J. JONES**
FULL NAME

COMMITTED NAME (if different)
**CORRECTIONAL TRAINING FACILITY**
FULL ADDRESS INCLUDING NAME OF INSTITUTION
**P.O. BOX 689/DWING**

**SOLEDAD, CA 93960**
PRISON NUMBER (if applicable)
K·29556

FILED
CLERK, U.S. DISTRICT COURT

JAN 2 9 2024

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**AMOS JEROME JONES**

PLAINTIFF,

v.

**RICHARD M. PAGLIARI**

DEFENDANT(S).

CASE NUMBER
2:24-cv-00847-JWH-AS
*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☐ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes    ☐ No

2. If your answer to "1." is yes, how many? _____

    Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:

Plaintiff _____ **AMOS JONES** _____

_____

Defendants _____ **PEREZ-PANTOJA, et al.,** _____

_____

b. Court _____ **Northern District of California** _____

_____

c. Docket or case number _____ **22-cv-00773-TSH** _____

d. Name of judge to whom case was assigned _____ **THOMAS S. HIXSON** _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) **SETTLEMENT** _____

f. Issues raised: _____ **RETALIATION** _____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition **April 18, 2023** _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☐ Yes  ☒ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☐ Yes  ☒ No

   If your answer is no, explain why not **The defendant does not work within CDCR.** _____

   _____

   _____

3. Is the grievance procedure completed? ☒ Yes  ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff **AMOS J. JONES** _____
(print plaintiff's name)

who presently resides at **Correctional Training Facility** _____ ,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

_____

on (date or dates) _____ , _____ , _____ .
                  (Claim I)              (Claim II)            (Claim III)

NOTE:   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant   **RICHARD M. PAGLIARI** _____ resides or works at
              (full name of first defendant)

              **6535 Wilshire Blvd., Suite 200 Los Angeles, CA 90048**
              (full address of first defendant)

              **Attorney at Law**
              (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:
  **An attorney appointed to represent me during my Penal Code section**

  **1172.6 proceedings.**

2.  Defendant _____ resides or works at
              (full name of first defendant)

              (full address of first defendant)

              (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:

3.  Defendant _____ resides or works at
              (full name of first defendant)

              (full address of first defendant)

              (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:

4.  Defendant _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

5.  Defendant _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

D. **CLAIMS\***

CLAIM I

The following civil right has been violated:

**Please see attached complaint.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

**Please see attached complaint.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline._

## E.  REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

**Please see attached complaint.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


1·25·2024                                    Amos Jones
    *(Date)*                              *(Signature of Plaintiff)*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **AMOS JEROME JONES**<br>**CDCR #**<br>**P.O. BOX 689/D WING 216U**<br>TELEPHONE NO.:          FAX NO.:<br>ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **CENTRAL DISTRICT**
STREET ADDRESS:
MAILING ADDRESS: **255 Temple Street**
CITY AND ZIP CODE: **Los Angles, CA 90012**
BRANCH NAME:

CASE NAME:
**JONES v. PAGLIARI**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☒ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☐ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☐ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: **Jul7 17, 2023**

(TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** **RICHARD M. PAGLIARI**
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** **AMOS JEROME JONES**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):*

**Central District of California, 255 E. Temple Street, L.A. Ca 90012**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

**Amos Jerome Jones, P.O. Box 689/D WING, Soledad, CA 93960**

DATE: **July 10, 2023**          Clerk, by _____, Deputy
*(Fecha)*                        *(Secretario)*                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

THOMSON
＊
WEST

Code of Civil Procedure §§ 412.20, 465

**AMOS JEROME JONES**

**CDCR # K29556**

**CORRECTIONAL TRAINING FACILITY**

**P.O. Box 689/D WING**

**Soledad, CA 93960**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AMOS JEROME JONES,** | **Civil Rights Act** |
| Plaintiff, | **42 U.S.C. Sec. 1983** |
| **vs.** | **COMPLAINT FOR** |
| **RICHARD M. PAGLIARI, in his individual and official capacity as a member of the California State Bar,** | **1. BREACH OF FIDUCIARY DUTY** |
| | **DEMAND FOR TRIAL** |
| Defendant. | |

I.

## JURISDICTION & VENUE

1.  This action is brought in The United States District Court, Southern District of California

    pursuant to diversity of jurisdiction provided by 28 U.S.C. section 1332 to recover damages

    against defendants each of them for the violation of Plaintiffs constitutional rights.

II

## NATURE OF THE ACTION

2.  As more fully stated below, this action is an action for damages based on defendant's breach of

    his fiduciary duty under the Rules of Professional Contact ... related to the loyalty a lawyer owes to

his or her client.

## III.

### THE PARTIES

3.     Plaintiff Amos J. Jones, is currently incarcerated at the Correctional Training Facility in
Soledad, California (refereed to herein After "Plaintiff") herein complains against the
Defendant, and demands trial.

4.     DEFENDANT: Richard M. Pagliari, in his individual and official capacity as a attorney at law of
the Los Angeles County.

5.     The amount in the controversy, exclusive of the interest and Court cost exceeds the
75,000 jurisdictional minimum limit of this Court. Accordingly, this Court has jurisdiction
over the case at bar.

6.     The Central District of California is an appropriate venue under 28 U.S.C. section
1391(b)(2) because  the defendant's actions described herein were directed a plaintiff and
were intended to deprive plaintiff of his constitutional rights, and did deprive him of his
constitutional rights in their dealings in the State of California.

### III. GENERAL ALLEGATIONS

**Plaintiff alleges:**

### FIRST CAUSE OF ACTION

**7.**     Plaintiff incorporates herein by reference Paragraphs 1 through 6 inclusive, and of the
First Cause of Action as though set forth in full hereat, and further alleges:

8.     On December 28, 2021, Plaintiff filed in the Superior Court of Los Angeles County a
petition for resentencing pursuant to section 1172.6, formerly section 1170.95. The petition

included allegations that an information had been filed that allowed the prosecution to proceed under a felony murder theory, and that he had been convicted of first degree murder, and that he could not now be convicted of first or second degree murder because of the changes made to sections 188 and 189,; effective January 1, 2019. The court appointed the Defendant to represent Plaintiff.

9.    On December 6, 2022, the Los Angeles County Superior Court called People v. Amos J. Jones BA227979 to order. The trial court began the proceedings explaining Plaintiff filed a petition under 1437. But what he did was file a memorandum of points and authorities. The court observed he did not file the petition. So if you communicate with him, I plan to respond to his memorandum of points and authorities, saying its deficient without the petition. And I'll hold the memorandum of points and authorities in abeyance. But you want to let him know that that order is coming from the court because without the petition, he can't get started. Pagliari responded: "[I] will notify him via letter, your Honor. With these cases sometimes the clients file independent things when I'm doing the Franklin. But I will let him know that he needs to file the petition for the 1170.95.

10.    On January 31, 2022, the Los Angeles County Superior Court called People v. Amos Jones, BA227979. The trial court began the proceedings explaining as you know, the court received the petition from Mr. Jones. Originally I held it in abeyance indicating Mr. Jones needed to do some more work to satisfy the petition. He then filed a subsequent letter indicating he believed he had satisfied the petition requirements. At that point, I appointed counsel. And I believe the best thing to do at this juncture is to proceed towards the prima face case inquiry. So I'm going to ask the People to respond, and we'll set a date. And the

-3-

Petitioner has 30 days thereafter to reply, and we can get a hearing date.

11.    On March 23, 2022, Plaintiff received a correspondence from the Defendant stating in

relevant part: "... [E]nclosed please find a photocopy of the district attorney's response to

your 1437 petition. ... Our next court date is July 12, 2022 in order to have a discussion or

briefing on the issue of whether you should be present. The court ordered him to submit a

brief as to why you should NOT be present. When I get his brief I will prepare a response.

12.    On April 7, 2022, the Defendant filed a document with the Superior Court of Los Angeles

County, titled **"[R]esponse to People's 1170.95 Brief."** Where in, the Defendant argued in

**People v. Lewis (2021) 11 Cal.5th 952, 950** the court stated "Effective January 1, 2019, the

Legislature past Senate Bill 1437 to amend the felony murder rule and the natural and

probable consequences doctrine, as it relates to murder, to ensure that murder liability is

not imposed on a person who is not the actual killer, did not act with an intent to kill, or is

not a major participant in the underlying felony who acted with reckless indifference to

human life. (Stats 2018, ch. 1015 section 1, subdivision (f).) In addition, to substantively

amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added section 1170.95,

which provides a procedure for convicted murders who could not be convicted under the

law as amended to retroactively seek relief." The Plaintiff submits ... of the California Rules

of Professional Conduct required Defendant to employ the skill and ? necessary to protect

Plaintiff's Sixth Amendment right. And that the Defendant breached this duty by presenting

to the trial court the same arguments in both the April 13, 2022 "[R]esponse to People's

1170.95 Brief" and the June 13, 2022 "[D]defendant's Response to People's Brief Re:

Defendant's Personal Appearance."

13.    The Defendant went on to explain the court in Lewis at page 957 also indicated "we conclude the statutory language and legislative intent of 1170.95 makes clear the petitioner's are entitled to the appointment of counsel upon the filing of officially sufficient petition section 1170.95, subdivision (b)(c) and that only after the appointment of counsel and the opportunity for briefing may the Superior Court consider the record of conviction to determine whether "the petitioner makes a prima face showing that he or she is entitled to relief." ... In this case, if the defendant's motion is granted, he will have the ability to have a resentencing hearing. Therefore, he has a right to be present at the resentencing hearing and by analogy he should be present at the hearing that can result in a resentencing hearing.

14.    On June 13, 2022, the Defendant filed a brief in the Superior Court of the State of California, for the County of Los Angeles, titled "Defendant's Response to People's Brief Re: Defendant's Personal Appearance." Under the heading, [D]efendant has a right to counsel with regards to 1170.95 relief, Defendant argued: "[I]n **People v. Lewis (2021) 11 Cal.5th 952,** the court concluded "the statutory language and legislative intent of 1170.95 makes clear the petitioner's are entitled to the appointment of counsel upon the filing of officially sufficient petition section 1170.95, subdivision (b)(c) and that only after the appointment of counsel and the opportunity for briefing may the Superior Court consider the record of conviction to determine whether "the petitioner makes a prima face showing that he or she is entitled to relief." ... In this case, if the defendant's motion is granted, he will have the ability to have a resentencing hearing. Therefore, he has a right to be present at the resentencing hearing and by analogy he should be present at the hearing that can result in a resentencing hearing.

15.    On July 12, 2023, a hearing was held regarding Plaintiff's 1170.95 petition. The trial court began the proceedings explaining today's hearing is for ... the 1170.95. So the briefing scheduled was for today for whatever the defendant has a right to be present. I will note

-5-

that there is a recent case, People v. Basket, B-A-S-L-E-R. It doesn't specifically address the

prima case. [¶] So I'm going to proceed with the ruling of the 1170.95 prima facie and not

order the defendant be present. But let me hear arguments of counsel if you having

anything further to add or any case, further case law is support of the Petitioner's position.

16.     Defendant Pagliari responded: " [Y]our Honor it appears there is very little case law in

this area. So I'll submit to the Court's discretion with regard to this issue." Pigliari went on to

explain "[W]ell your Honor, I believe Mr. Jones submitted a brief. I submitted a supplemental

brief. And attorney Collelo also filed a response. So I believe the briefing is complete at this

point. And I'll defer to Mr. Collelo for his input.

17.     Subsequently, the trial court posed the following query to Defendant Pagliari: " [I]t does

not appear from the record that Mr. Jones was convicted of first degree murder. There were

no instructions on fe[lo]ny mur[der] or murder natural probable consequences document.

Do you agree or disagree? "

18.     Defendant Pagliari responded: "[I] agree, your Honor." The Court: And there was no

theory under which Mr. Jones could be convicted of first degree murder based upon

imputation as I saw it. There is no way to input premeditation and deliberation based on the

jury instructions. Defendant Pagliari responded: That's correct, your Honor. I did review all

the information in regards to the case, as well. The Court "[A]ll right. I think those are my

only questions for the Petitioner. ... I will issue a written ruling in the next 10 days. (See

**Reporter's Transcripts of the July 12, 2022 Sec. 1170.95 Proceedings attached as Plnt.'s Ex**

**A)**

19.     The transcript of the July 12, 2022 hearing petition he defendant made no argument in

support of Plaintiff's resentencing petition. Clearly the defendant owed a duty of loyalty to

Plaintiff that he did not fulfill, causing damage to Plaintiff in the form of ... an evidentiary

hearing.

20.     The Plaintiff submits when the Court expressed its intention to deny Plaintiffs petition,

the Defendant said nothing on Plaintiff's behalf. He remained eerily silent. After the Court

erroneously asserted " [I]t does not appear from the record that Mr. Jones was convicted of

second degree murder. There were no instructions on fe[lo]ny mur[der] or murder natural

probable consequences document. The Court specifically asked the Defendant: '[D]o you

agree or disagree? " Defendant replied: "[I] agree, your Honor."

21.     Contrary to the Defendant's agreement with the Court that "[t]here were no instructions

on fe[lo]ny mur[der]." The jury here was instructed on "[m]aliciously discharging a firearm at

an occupied motor vehicle (246) using the language in CALJIC No. 8.32. **RT 625** The Plaintiff

submits, the trial court's instruction on the crime of discharging a firearm at an occupied

motor vehicle together with the district attorney's argument: " [I] want to make one thing

very clear ... That the act *shooting at an occupied vehicle* ... The jury instruction 8.32 tells you

... "[E]very person who willfully and maliciously *discharges a firearm at an occupied motor*

*vehicle* is guilty of the crime of *shooting an at occupied motor vehicle* in violation of Penal

Code section 246." **RT 695** These facts open[ed] the path to a verdict of murder based on the

discharging of a firearm at an occupied motor vehicle felony murder theory.

22.     The jury convicted Plaintiff of (1) one count of murder (Sec. 187, subd. (a), and (count 3)

one count of shooting at an occupied motor vehicle. (Sec. 246)

23.     The Plaintiff argues contrary to the Defendant's representation during the July 12, 2023

-7-

proceedings that " there is very little case law in this area in support of Petitioner's position." There is a plethora of case law regarding the fact that, shooting into an occupied vehicle could act as a predicate felony for purposes of the felony murder rule.

24. The Plaintiff argues had the Defendant "[r]eviewed all the information and arguments that were contained in the 30 plus pages of the Section 1170.95 petition that he filed with the Court. The Defendant would have discovered that the California Supreme Court held in **People v. Chun (2009) 45 Cal.4th 1172 [91 Cal.Rptr. 3d 106, 203 P.3d 425] (Chun),** all assaultive-type of crimes, such as Section 246, merge with the charged homicide and cannot be the basis for a second degree felony-murder instruction. (**Chin, supra, at p. 1174**.)

25. The Plaintiff submits, when the Defendant was given an opportunity to "agree or [dis]agree" with the trial court erroneous assertion "[t]hat there were no instructions on fe[lo]ny murder." The Defendant "" [a]greed." The Defendant even agreed with the trial court's erroneous assertion that, "[t]here was no theory under which Plaintiff could be convicted of first degree murder based upon imputation as the Court saw it."

26. The Plaintiff argues the fact that under the California Supreme Court's decision in **People v. Lewis (2021) 11 Cal.5th 952**, he had made a prima facie showing of entitlement to relief, and therefore, the court would have been compelled to issue an order to show cause. Had the Defendant upheld his FIDUCIARY duty by subjecting the district attorney's argument to the crucible of an adversarial testing. There is a reasonable possibility that the results of the July 12, 2022 proceedings would have been different.

27. In other words, the Defendant failed to " 'act [] in the role of an advocate' " as the Sixth Amendment requires.

26. The Plaintiff argues the fact that under the California Supreme Court's decision in

**People v. Lewis (2021) 11 Cal.5th 952**, he had made a prima facie showing of entitlement to

relief, and therefore, the court would have been compelled to issue an order to show cause.

Had the Defendant upheld his FUDICIARY duty by subjecting the district attorney's argument to

the crucible of an adversarial testing. There is a reasonable possibility that the results of the July

12, 2022 proceedings would have been different.

27. In other words, the Defendant failed to " 'act [] in the role of an advocate' " as the Sixth

Amendment requires.

## LEGAL CLAIMS

Plaintiff re-allege and incorporate by reference paragraphs 1-27.

The Defendant intentionally  breached the fiduciary duty he owed to Plaintiff. Plaintiff has

no plain adequate or complete remedy at law to redress the wrongs described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against Defendant

RICHARD M. PAGLIARI as follows:

1. Compensatory damages in the amount of $1,000,000

2. $500,000.00 in punitive damages;

3. A jury trial on all issues triable by jury.

4. Cost in the suit;

**5.** Any other relief the Court deems necessary.

## STATEMENT OF VERIFICATION

I, Jerome A. Jones declare under the penalty of perjury pursuant to the laws of the State of

Can!ifornia, that the statements made in this complaint on information and belief are true and

correct. Executed on this 27th day of August 2023.

Respectfully Submitted,

AMOS JEROME JONES

# EXHIBIT 'A'

COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT


THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                       )
          PLAINTIFF-RESPONDENT,        )
                                       )    SEP 2 7 2022
     VS.                               )
                                       )NO. BA227979-01
                                       )
01 AMOS JONES,                         )
                                       )
          DEFENDANT-APPELLANT.         )    ☐ COPY
                                       )


APPEAL FROM THE SUPERIOR COURT OF LOS ANGELES COUNTY

HONORABLE KERRY BENSINGER, JUDGE PRESIDING

REPORTER'S TRANSCRIPT ON APPEAL

JUNE 19, 2003; DECEMBER 6, 2021; JANUARY 31, 2022 AND

JULY 12, 2022


APPEARANCES:

FOR PLAINTIFF-RESPONDENT:    STATE ATTORNEY GENERAL
                             300 SOUTH SPRING STREET
                             NORTH TOWER, SUITE 1701
                             LOS ANGELES, CA 90013

FOR DEFENDANT-APPELLANT:     IN PROPRIA PERSONA




VOLUME 2 OF 2 VOLUME         MARY KELLY TAPIA,
PAGES A-1 TO A-1             CSR NO. 11519
PAGES B-1 TO B-3             OFFICIAL REPORTER
PAGES C-1 TO C-4
PAGES D-1 TO D-14

```
 1    CASE NUMBER:        BA 227 979-01

 2    CASE NAME:          PEOPLE OF THE STATE OF CALIFORNIA
                             VS.
 3                        AMOS JONES

 4    LOS ANGELES, CA     DECEMBER 6, 2021

 5    DEPARTMENT 124      HON. KERRY BENSINGER, JUDGE

 6    REPORTER:           J.HOLLIFIELD, CSR 12564

 7    TIME:               A.M. SESSION

 8    APPEARANCES:        SETH CARMACK, DEPUTY DISTRICT

 9                        ATTORNEY APPEARING, REMOTELY ON

10                        BEHALF OF THE PEOPLE OF THE STATE

11                        OF CALIFORNIA

12
                          RICHARD PAGLIARI, ATTORNEY AT LAW,
13
                          APPEARING ON BEHALF OF THE DEFENDANT
14
                          IN CUSTODY NOT PRESENT IN COURT
15

16              (THE FOLLOWING PROCEEDINGS

17               WERE HELD IN OPEN COURT.)

18

19        THE COURT:  NUMBER 4, PEOPLE VERSUS AMOS JONES,

20    BA227979.  COUNSEL, PLEASE STATE YOUR APPEARANCES.

21        MR. PAGLIARI:  GOOD MORNING, YOUR HONOR.  RICHARD

22    PAGLIARI, APPEARING ON BEHALF OF MR. JONES, WHO'S ALSO

23    IN STATE PRISON AT THIS TIME.

24        MR. CARMACK:  GOOD MORNING, YOUR HONOR.  SETH

25    CARMACK, APPEARING ON BEHALF OF THE PEOPLE.

26        MR. PAGLIARI:  YOUR HONOR, THIS IS A FRANKLIN

27    HEARING SETTING.  I'D ALSO LIKE TO SET THIS FOR

28    MARCH 23RD AS WELL AS A FURTHER FRANKLIN HEARING
```

1    SETTING.  THE APPOINTED EXPERT HAS INTERVIEWED

2    MR. JONES; I JUST NEED TO GET ADDITIONAL INTERVIEWS IF

3    AVAILABLE.

4        THE COURT:  ALL RIGHT.  THE COURT'S GOING TO

5    CONTINUE THE MATTER FOR THE FRANKLIN HEARING SETTING

6    FOR GOOD CAUSE TO MARCH 23RD AT 8:30 A.M.

7            MR. PAGLIARI, I KNOW YOU REPRESENT

8    MR. JONES.  HE FILED A PETITION ON THE 11795 PETITIONS

9    UNDER 1437.  BUT WHAT HE DID WAS HE FILED A MEMORANDUM

10   OF POINTS AND AUTHORITIES.  HE DID NOT FILE THE

11   PETITION.

12           SO IF YOU COMMUNICATE WITH HIM, I PLAN TO

13   RESPOND TO HIS MEMORANDUM OF POINTS AND AUTHORITIES,

14   SAYING THAT IT'S DEFICIENT WITHOUT THE PETITION.  AND

15   I'LL HOLD THE MEMORANDUM OF POINTS AND AUTHORITIES IN

16   ABEYANCE.  BUT YOU MAY WANT TO LET HIM KNOW THAT THAT

17   ORDER IS COMING FROM THE COURT BECAUSE WITHOUT THE

18   PETITION, HE CAN'T GET STARTED.

19       MR. PAGLIARI:  I WILL NOTIFY HIM VIA LETTER, YOUR

20   HONOR.  WITH THESE CASES SOMETIMES THE CLIENTS FILE

21   INDEPENDENT THINGS WHEN I'M DOING THE FRANKLIN.  BUT I

22   WILL LET HIM KNOW THAT HE NEEDS TO FILE THE PETITION

23   FOR THE 1170.9 -- 4.

24       THE COURT:  RIGHT.  HE FILED A -- WE'LL SEND HIM

25   A MINUTE ORDER.  BUT YOU CAN LET HIM KNOW THAT THE

26   COURT RECEIVED HIS MEMORANDUM OF POINTS AND

27   AUTHORITIES, BUT HE DID NOT FILE THE PETITION THAT

28   INITIATES THE PROCEEDING.

B - 3

1        MR. PAGLIARI:  VERY WELL, YOUR HONOR.

2        THE COURT:  GENERALLY, THERE'S A FORM.  IT'S KIND

3   OF A CHECK-THE-BOX FORM.  AND IF HE WISHES TO USE THAT

4   FORM, I'LL USE THE MEMORANDUM OF POINTS AND AUTHORITIES

5   THAT HE SUBMITTED IN SUPPORT OF THAT.

6        MR. PAGLIARI:  OKAY.

7        THE COURT:  ALL RIGHT.  THANK YOU.

8        MR. PAGLIARI:  THANK YOUR HONOR.

9

10             (THE PROCEEDINGS CONCLUDED FOR

11                  THE DAY AT 9:58 A.M.)

12

13   /////

14   /////

15   /////

16

17             (THE NEXT PAGE NUMBER IS C - 1.)

18

19

20

21

22

23

24

25

26

27

28

Transcript not for reproduction pursuant to Government Code Section 69954(d)

```
 1   CASE NUMBER:              BA227979-01

 2   CASE NAME:                PEOPLE VS. AMOS JONES

 3   LOS ANGELES, CA           MONDAY, JANUARY 31, 2022

 4   DEPARTMENT 124            HON. KERRY BENSINGER, JUDGE

 5   REPORTER:                 FRANKI DALTON, CSR NO. 8616

 6   TIME:                     A.M. SESSION

 7

 8   APPEARANCES:

 9        DEFENDANT JONES, NOT PRESENT, REPRESENTED

10        BY COUNSEL, RICHARD PAGLIARI, BAR PANEL

11        ATTORNEY; JOHN COLLELLO, DEPUTY DISTRICT

12        ATTORNEY, APPEARING VIA WEBEX, REPRESENTING

13        THE PEOPLE OF THE STATE OF CALIFORNIA.

14                      -o0o-

15        (THE FOLLOWING PROCEEDINGS WERE HELD IN

16        OPEN COURT:)

17

18        THE COURT:  ALL RIGHT.  THE COURT IS GOING TO CALL

19   PEOPLE VERSUS AMOS JONES, BA227979.

20             COUNSEL, PLEASE STATE YOUR APPEARANCES.

21        MR. PAGLIARI:  GOOD MORNING, YOUR HONOR.

22   RICHARD PAGLIARI APPEARING ON BEHALF OF MR. JONES WHO IS

23   NOT PRESENT.  HE IS IN STATE PRISON.

24        MR. COLLELLO:  GOOD MORNING.  DEPUTY DISTRICT

25   ATTORNEY JOHN COLLELLO FOR THE PEOPLE.  I'M APPEARING

26   VIA WEBEX.

27        THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH.

28             AS YOU KNOW, THE COURT RECEIVED THE
```

NOT TO BE REPRODUCED PER GOVERNMENT CODE 69954(D)

1  PETITION FROM MR. JONES.  ORIGINALLY I HELD IT IN

2  ABEYANCE INDICATING THAT MR. JONES NEEDED TO DO SOME

3  MORE WORK TO SATISFY THE PETITION.  HE THEN FILED A

4  SUBSEQUENT LETTER INDICATING HE BELIEVED HE HAD

5  SATISFIED THE PETITION REQUIREMENTS.  AT THAT POINT, I

6  APPOINTED COUNSEL.

7            AND I BELIEVE THE BEST THING TO DO AT THIS

8  JUNCTURE IS TO PROCEED TOWARDS THE PRIMA FACIE CASE

9  INQUIRY.  SO I'M GOING TO ASK THE PEOPLE TO RESPOND, AND

10  WE'LL SET A DATE.  AND THE PETITIONER GENERALLY HAS

11  30 DAYS THEREAFTER TO REPLY, AND WE CAN SET A HEARING

12  DATE.

13            SO WHY DON'T WE START WITH WHATEVER DATE

14  THE PEOPLE WOULD LIKE TO FILE THEIR RESPONSE.

15      MR. COLLELLO:  YOUR HONOR, I'D ASK FOR

16  APPROXIMATELY 30 DAYS.

17            AS I INDICATED BEFORE, I WAS THE TRIAL

18  PROSECUTOR.  I BELIEVE HE WAS, IN FACT, CONVICTED OF

19  FIRST DEGREE MURDER WITH DELIBERATION AND PREMEDITATION,

20  AND PERSONAL USE WAS FOUND TRUE.  HE WAS THE SOLE

21  DEFENDANT.  HE WAS ALSO FOUND GUILTY OF THE

22  PREMEDITATED, ATTEMPTED MURDER AND FELONY POSSESSION OF

23  A FIREARM.  HE WAS ACQUITTED OF THE 246.

24            SO, IN ANY EVENT, I WILL RESPOND.  I ASK

25  FOR APPROXIMATELY 30 DAYS.

26      THE COURT:  ALL RIGHT.  SO IF WE SET IT FOR

27  30 DAYS, THAT WOULD TAKE THE PEOPLE'S OPPOSITION TO

28  MARCH 3RD.

NOT TO BE REPRODUCED PER GOVERNMENT CODE 69954(D)

```
1        MR. COLLELLO:  FOR AN APPEARANCE, YOUR HONOR?

2        THE COURT:  YES.

3        MR. COLLELLO:  I AM AVAILABLE MARCH 3RD.

4        THE COURT:  WELL, ACTUALLY, MARCH 3RD IS NOT AN

5   APPEARANCE DATE.  IT IS JUST A REPLY DATE SO WE WOULD

6   NEED TO SET THE DATE 30 DAYS OUT FROM THAT, FROM

7   MARCH 3RD TO APRIL.

8        MR. PAGLIARI:  HOW ABOUT APRIL 7TH, YOUR HONOR?

9        THE COURT:  THAT'S FINE.  AND THEN WE CAN SET THE

10  HEARING ON THE PRIMA FACIE SHOWING FOR ROUGHLY TWO OR

11  THREE WEEKS AFTER THAT.  SO IF WE GO TO APRIL 7TH PLUS

12  TWO WEEKS, THAT WILL TAKE US TO THE 21ST.

13       MR. PAGLIARI:  YOUR HONOR, I'M ACTUALLY GOING TO

14  BE OUT OF TOWN UNTIL MAY 4TH.

15       THE COURT:  UNTIL MAY 4TH?

16       MR. PAGLIARI:  WELL, I'M LEAVING ON APRIL 12TH AND

17  RETURNING MAY 5TH.  COULD WE SET A DATE AFTER THAT?

18       THE COURT:  THAT'S JUST A LONG JUMP.  CAN YOU GET

19  YOUR REPLY IN SOONER, AND THEN WE CAN SET YOUR HEARING

20  BEFORE YOU LEAVE ON THE 12TH?

21       MR. PAGLIARI:  FIRST OF ALL, I DON'T HAVE ANY

22  TRIAL TRANSCRIPTS WITH REGARDS TO MR. JONES'S CASE SO I

23  THINK I SHOULD HAVE THOSE IN ORDER TO APPROPRIATELY

24  RESPOND TO THE 1437.

25       THE COURT:  ALL RIGHT.  LET'S SET IT OUT TO THE

26  7TH, AND THEN WE'LL SET THE HEARING ON MAY --

27            YOU SAID AFTER THE 5TH, MR. PAGLIARI?

28       MR. PAGLIARI:  HOW ABOUT WE DO MAY 9TH?  ALL
```

1   RIGHT.  IS MAY 9TH OKAY WITH THE PEOPLE?

2        MR. PAGLIARI:  IT IS, YOUR HONOR.  I WILL LET YOU

3   KNOW I REQUESTED ALL OF THE REPORTER'S TRANSCRIPTS AND

4   COURT TRANSCRIPTS.  I BELIEVE BASED ON THE BACKLOG,

5   THEY'RE A LITTLE BIT DELAYED.  CERTAINLY WHEN I GET

6   THOSE, I WILL MAKE SURE THEY'RE ORGANIZED, AND I WILL

7   GET THOSE TO DEFENSE COUNSEL.

8        THE COURT:  ALL RIGHT.  WE'LL SET THE HEARING DATE

9   ON MAY 9TH, 8:30 A.M.  AND I'M GOING TO FIND GOOD CAUSE

10  BASED UPON THE REPRESENTATION OF MR. PAGLIARI HE DOESN'T

11  HAVE THE TRANSCRIPTS YET.  HE WILL NEED TIME TO REVIEW

12  THEM AND GET HIS REPLY IN AND THEN HE'S OUT OF TOWN

13  UNTIL  MAY 9TH -- OR MAY 5TH.

14       MR. PAGLIARI:  MAY 5TH.

15       THE COURT:  AND WE'LL SET THE HEARING ON MAY 9TH.

16            I GUESS, MR. PAGLIARI, YOU CAN LOOK INTO

17  THE FACT WHETHER -- OR ISSUE WHETHER MR. JONES WISHES TO

18  APPEAR BY WEBEX FOR THE HEARING ON THE PRIMA FACIE CASE

19  AND LET THE COURT KNOW; BUT, OTHERWISE, THE COURT IS

20  CALENDARING THE OPPOSITION FOR MARCH 3RD AND THE REPLY

21  FOR APRIL 7TH.

22            ANYTHING ELSE ON MR. JONES'S CASE?

23       MR. PAGLIARI:  NOTHING FURTHER, YOUR HONOR.

24       THE COURT:  ANYTHING FURTHER FROM THE PEOPLE?

25       MR. COLLELLO:  NOTHING FROM THE PEOPLE, NO, YOUR

26  HONOR.  THANK YOU.

27

28            (THE PROCEEDINGS CONCLUDED.)

```
 1  CASE NUMBER:              BA227979-01

 2  CASE NAME:                THE PEOPLE VS. AMOS JONES

 3  LOS ANGELES, CA           TUESDAY, JULY 12, 2022

 4  DEPARTMENT 124            HON. KERRY BENSINGER, JUDGE

 5  REPORTER:                 MARY KELLY TAPIA, CSR NO. 11519

 6  TIME:                     A.M. SESSION

 7  APPEARANCES:

 8          AMOS JONES, NOT PRESENT WITH COUNSEL,

 9          RICHARD M. PAGLIARI, ATTORNEY AT LAW, BAR

10          PANEL; JOHN COLELLO, DEPUTY DISTRICT ATTORNEY,

11          (APPEARING TELEPHONICALLY) REPRESENTING THE

12          PEOPLE OF THE STATE OF CALIFORNIA.

13              (THE FOLLOWING PROCEEDINGS WERE HELD IN

14              OPEN COURT.)

15      THE COURT:  THE COURT IS GOING TO CALL PEOPLE

16  VERSUS AMOS JONES.  CASE NUMBER BA227979.

17          COUNSEL, PLEASE, STATE YOUR APPEARANCES.

18      MR. PAGLIARI:  GOOD MORNING, YOUR HONOR.

19          RICHARD PAGLIARI APPEARING ON BEHALF OF

20  MR. JONES, WHO IS NOT PRESENT.  HE IS CURRENTLY IN STATE

21  PRISON.

22      MR. COLELLO:  GOOD MORNING.

23          DEPUTY DISTRICT ATTORNEY JOHN COLELLO FOR

24  THE PEOPLE.  I AM APPEARING VIA WEBEX.

25      THE COURT:  ALL RIGHT.  AND I'M ALSO CALLING THE

26  SECOND CASE, BA227979, WHICH IS THE -- WELL, SAME CASE

27  NUMBER, BUT IT'S THE FRANKLIN HEARING.

28          SO TODAY'S HEARING IS FOR BOTH THE 1170.95,
```

1  AS WELL AS THE FRANKLIN HEARING.

2          SO THE BRIEFING WAS SCHEDULED FOR TODAY FOR

3  RULING ON THE ISSUE WHETHER THE DEFENDANT HAS A RIGHT TO

4  BE PRESENT.

5          I HAVE RECEIVED THE PARTIES' BRIEFS.

6          THANK YOU VERY MUCH.

7          I WILL NOTE THERE IS A RECENT CASE, PEOPLE

8  VERSUS BASLER, B-A-S-L-E-R, WHICH IS -- I JUST HAVE THE

9  WEST LAW CITE, 2022 WEST LAW 2208207.

10          IT'S NOT DIRECTLY ON POINT, BUT IT SAYS THAT

11 THE DEFENDANT HAS A RIGHT TO BE PRESENT AT THE

12 EVIDENTIARY HEARING.  IT DOESN'T SPECIFICALLY ADDRESS

13 THE PRIMA FACIE CASE.  BUT I BELIEVE THE CASE LAW IS OF

14 THE MINDSET THAT THE PRIMA FACIE HEARING IS A QUESTION

15 OF LAW AND THE DEFENDANT DOES NOT HAVE A RIGHT TO BE

16 PRESENT.

17          SO I'M GOING TO PROCEED WITH THE RULING ON

18 THE 1170.95 PRIMA FACIE CASE AND NOT ORDER THE DEFENDANT

19 TO BE PRESENT.

20          BUT LET ME HEAR ARGUMENTS OF COUNSEL IF YOU

21 HAVE ANYTHING FURTHER TO ADD OR ANY CASE LAW, FURTHER

22 CASE LAW IN SUPPORT OF THE PETITIONER'S POSITION.

23          MR. PAGLIARI.

24      MR. PAGLIARI:  YOUR HONOR, IT APPEARS THERE IS VERY

25 LITTLE CASE LAW IN THIS AREA.  SO I'LL SUBMIT TO THE

26 COURT'S DISCRETION WITH REGARD TO THIS ISSUE.

27      THE COURT:  ALL RIGHT.  THAT BRINGS US TO HOW YOU

28 WOULD LIKE TO PROCEED, THEN, ON THE HEARING ON THE PRIMA

1  FACIE CASE.

2          AS I MENTIONED THERE APPEARS TO BE ALL THE

3  RELEVANT DOCUMENTS IN THE FILE.

4          WHAT'S THE PARTIES' POSITION AS TO BRIEFING

5  SCHEDULE?

6      MR. PAGLIARI:  IS THAT ADDRESSED TO ME OR

7  MR. COLELLO?

8      THE COURT:  SINCE YOU'RE HERE, MR. PAGLIARI, WHY

9  DON'T WE START WITH YOU.

10     MR. PAGLIARI:  WELL, YOUR HONOR, I BELIEVE

11 MR. JONES SUBMITTED A BRIEF.  I SUBMITTED A SUPPLEMENTAL

12 BRIEF.  AND ATTORNEY COLELLO ALSO FILED A RESPONSE.  SO

13 I BELIEVE THE BRIEFING IS COMPLETE AT THIS POINT.

14          AND I'LL DEFER TO MR. COLELLO FOR HIS

15 INPUT.

16     MR. COLELLO:  YOUR HONOR, I AGREE.  THE DEFENDANT

17 DID, IN FACT, FILE -- I BELIEVE IT WAS TWO SEPARATE

18 PETITIONS.  I RESPONDED.  AND THEN COUNSEL ALSO

19 RESPONDED.  SO THE BRIEFING IS COMPLETE.

20          AND I'LL BE SUBMITTING ON OUR BRIEF UNLESS

21 THE COURT HAS SPECIFIC QUESTIONS.

22          BUT THE RECORD OF CONVICTION IN THIS CASE IS

23 CRYSTAL CLEAR.  HE IS THE ACTUAL SHOOTER AS A SOLE

24 DEFENDANT.  HE WAS CONVICTED, ACCORDINGLY, OF FIRST

25 DEGREE MURDER --

26     THE COURT:  WAIT.  MR. COLELLO, HANG ON ONE SECOND.

27          BEFORE YOU JUMP INTO THE ARGUMENT ON THE

28 PRIMA FACIE CASE, WHICH I'M HAPPY TO GO FORWARD WITH

1  TODAY IF BOTH PARTIES WANT TO, BUT I WANT TO GIVE

2  MR. PAGLIARI AN OPPORTUNITY.  BECAUSE I WAS LOOKING BACK

3  ON MY NOTES AND I WASN'T SURE WHETHER TODAY I NOTIFIED

4  BOTH COUNSEL THAT WE WOULD BE PROCEEDING ON THE ARGUMENT

5  ON THE PRIMA FACIE CASE OR WHETHER TODAY WAS JUST GOING

6  TO BE ARGUMENT ON THE -- AND A RULING ON WHETHER HE HAS

7  A RIGHT TO BE PRESENT.

8       MR. COLELLO:  YOUR HONOR, I THOUGHT TODAY WAS THE

9  ACTUAL HEARING, AS WELL, ON THE 1170.95.

10      THE COURT:  GREAT.

11           DID YOU HAVE THAT UNDERSTANDING, TOO,

12  MR. PAGLIARI?

13      MR. PAGLIARI:  I DID.  BECAUSE I DON'T THINK THERE

14  IS ANY FURTHER BRIEFING.

15           AND ASIDE FROM MY CLIENT BEING PRESENT TO

16  GIVE SOME TESTIMONY ON WHAT HE WISHED TO DO IF HE'S NOT

17  GOING TO BE ORDERED OUT, THEN I THINK WE CAN GO FORWARD

18  TODAY.

19      THE COURT:  WELL, ALL RIGHT.  SO LET'S RESOLVE IN

20  KIND OF A DESCENDING ORDER.

21           SO THE COURT RULED ON WHETHER HE HAS THE

22  RIGHT TO BE PRESENT.  AND RULED THAT HE DOES NOT.

23           TWO, BOTH PARTIES ARE PREPARED TO PROCEED

24  WITH THE ARGUMENT ON THE PRIME FACIE CASE, AS IS THE

25  COURT.

26           AND, THREE, THE DEFENDANT WOULD NOT BE

27  ENTITLED TO TESTIFY AT A HEARING AT THE PRIMA FACIE

28  CASE.  HE WOULD BE ENTITLED TO TESTIFY AT A RESENTENCING

1　HEARING.  HE'S, THEORETICALLY, I BELIEVE, ENTITLED TO

2　SUBMIT INFORMATION TO THE COURT FOR PURPOSES OF A

3　DETERMINATION AS TO THE PRIMA FACIE CASE.  BUT I DIDN'T

4　RECEIVE ANYTHING OTHER THAN THE BRIEFING.

5　　　　　　SO ALL THAT HAVING BEEN SAID, LET'S GO

6　FORWARD WITH THE ARGUMENTS.

7　　　　　　SO LET'S START WITH THE PETITIONER.

8　　　　　　MR. PAGLIARI.

9　　　MR. PAGLIARI:  YOUR HONOR, MR. JONES SUBMITTED A

10　VERY DETAILED BRIEF.  I REVIEWED IT.  AND I WILL SUBMIT

11　ON THAT BRIEF AS WELL AS MY SUPPLEMENTAL TO THAT

12　BRIEF.

13　　　THE COURT:  ALL RIGHT.  THEN, MR. COLELLO, YOU

14　STARTED WITH YOUR ARGUMENT.  WHY DON'T YOU GO AHEAD AND

15　COMPLETE YOUR ARGUMENT.

16　　　MR. COLELLO:  THANK YOU, YOUR HONOR.

17　　　　　　IT SHOULD BE CLEAR, BASED ON THE RECORD, AS

18　A MATTER OF LAW HE'S NOT ELIGIBLE FOR RELIEF.  HE WAS

19　CONVICTED AS AN ACTUAL MURDERER, FIRST DEGREE MURDERER,

20　WITH PERSONAL GUN USE.

21　　　　　　HE WAS ALSO CONVICTED OF ATTEMPTED MURDER

22　WITH PREMEDITATION AND DELIBERATION.  ALSO WITH PERSONAL

23　GUN USE.

24　　　　　　CONTRARY TO HIS DECLARATIONS WHERE HE,

25　ESSENTIALLY, MISSTATES THAT HE WAS CONVICTED ONLY OF

26　MURDER IN THE SECOND DEGREE AND/OR JUST CHECKED OFF SOME

27　BOILER PLATE BOXES, THE RECORD OF CONVICTION IS CLEAR.

28　AS A MATTER OF LAW, HE IS NOT ELIGIBLE FOR RELIEF.  AND

1    THE COURT SHOULD DENY.

2         THE COURT:  THANK YOU.

3              LET ME ASK.  SO, MR. COLELLO, I'M GOING TO

4    ASK YOU TO TRY AND SPEAK A LITTLE LOUDER IF YOU NEED TO

5    SAY ANYTHING FURTHER.

6              I DID HAVE A QUESTION FOR MR. PAGLIARI.

7              IT DOES APPEAR FROM THE RECORD THAT

8    MR. JONES WAS CONVICTED OF FIRST DEGREE MURDER.  THERE

9    WERE NO INSTRUCTIONS ON FELONY MURDER OR MURDER NATURAL

10   PROBABLE CONSEQUENCE DOCUMENT.

11             DO YOU AGREE OR DISAGREE?

12        MR. PAGLIARI:  I AGREE, YOUR HONOR.

13        THE COURT:  AND THERE WAS NO THEORY UNDER WHICH

14   MR. JONES COULD BE CONVICTED OF FIRST DEGREE MURDER

15   BASED UPON IMPUTATION AS I SAW IT.

16             THERE IS NO WAY TO IMPUTE PREMEDITATION AND

17   DELIBERATION BASED ON THE JURY INSTRUCTIONS.

18        MR. PAGLIARI:  THAT'S CORRECT, YOUR HONOR.

19             I DID REVIEW ALL THE INFORMATION IN REGARDS

20   TO THE CASE, AS WELL.

21        THE COURT:  ALL RIGHT.  I THINK THOSE ARE MY ONLY

22   QUESTIONS FOR THE PETITIONER.

23             LET ME JUST REVIEW MY NOTES HERE.

24             I DON'T HAVE ANY FURTHER QUESTIONS.

25             I WILL ISSUE A WRITTEN RULING IN THE NEXT 10

26   DAYS.

27             LET'S, THEN, TURN TO THE --

28             WELL, ANYTHING FURTHER, THEN, WITH RESPECT

1  TO THE 1170.95?

2           IF THE COURT WERE TO GRANT THE PRIMA FACIE

3  CASE, I'LL ISSUE THE OSC.

4           IF I DENY IT, I'LL ISSUE THE ORDER DENYING

5  THE PETITION AT THIS STAGE.

6       MR. PAGLIARI:  VERY GOOD, YOUR HONOR.

7       THE COURT:  AND I'LL DO THAT WITHIN 10 DAYS.

8           ANYTHING FURTHER, THEN, ON THE 1170.95

9  BEFORE WE MOVE ON TO THE FRANKLIN HEARING?

10      MR. COLELLO:  NOTHING FROM THE PEOPLE.

11      MR. PAGLIARI:  NOTHING FROM ME, YOUR HONOR.  THANK

12  YOU.

13      THE COURT:  THANK YOU.

14          THEN TURNING TO THE FRANKLIN HEARING.

15          WHAT'S OUR STATUS, MR. PAGLIARI?

16      MR. PAGLIARI:  YOUR HONOR, I BELIEVE THE FRANKLIN

17  HEARING IS COMPLETE.  I SUBMITTED A BRIEF.

18          AND I WOULD REQUEST THAT THE BRIEF AND THE

19  SUPPORTING DOCUMENTS BE MOVED INTO EVIDENCE.  AND THEN A

20  COPY BE FORWARDED TO THE STATE PRISON FOR MR. JONES'

21  PAROLE BOARD HEARING.

22      THE COURT:  I DID HAVE A NOTE HERE:  WHAT WAS THE

23  THEORY ON MR. JONES' RIGHT TO TESTIFY IF HE WANTED TO AT

24  THE FRANKLIN HEARING.  DID HE WANT TO --

25          I HAD A TRAILING MEMORY THAT IT WASN'T JUST

26  THE 1170.95.  HE ALSO WANTED TO BE PRESENT FOR THE

27  FRANKLIN HEARING.  AND I BELIEVE THE LAW IS DIFFERENT AS

28  TO THE FRANKLIN HEARING.

```
 1          WHAT IS YOUR POSITION AS TO THAT?

 2      MR. PAGLIARI:  I BELIEVE MY CLIENT DID WANT TO BE

 3  PRESENT TO, MAYBE, TESTIFY OR TO ASSIST IN THE FRANKLIN

 4  HEARING.  I THINK YOU WERE GOING TO DECIDE THAT ISSUE

 5  TODAY.  I DON'T THINK YOU'VE DECIDED IT BEFORE, BUT I'M

 6  NOT POSITIVE.

 7      THE COURT:  NO.  NO.  I THINK TODAY WAS SET FOR THE

 8  RIGHT TO BE PRESENT FOR BOTH PROCEEDINGS.

 9          AND I HAVE A DIFFERENT ANALYSIS FOR THE

10  FRANKLIN HEARING.  BECAUSE I BELIEVE AT THE FRANK

11  HEARING THE DEFENDANT HAS THE RIGHT TO TESTIFY.  AND

12  IT'S NOT JUST A QUESTION OF LAW.  THERE IS A FACTUAL

13  ASPECT TO THE FRANKLIN HEARING.

14          SO, IF HE WANTS TO TESTIFY OR BE PRESENT FOR

15  THE FRANKLIN HEARING SETTING.  I WILL ORDER HIM OUT AND

16  SET IT FOR A DATE CONVENIENT TO THE PARTIES.

17          MR. COLELLO, I DIDN'T START OFF WITH ANY

18  ARGUMENT ON WHETHER THE DEFENDANT HAS THE RIGHT TO BE

19  PRESENT FOR THE FRANKLIN HEARING.  I SHOULD HAVE.

20          SO LET ME HEAR WHAT YOUR POSITION IS.

21          I TAKE IT, MR. PAGLIARI, YOUR POSITION IS

22  YOUR CLIENT WANTS TO BE PRESENT.  AND YOU BELIEVE HE HAS

23  A RIGHT TO BE PRESENT FOR THE FRANKLIN HEARING.  AND

24  THAT'S THE DEFENSE POSITION.

25      MR. PAGLIARI:  YES, YOUR HONOR.  AND I BELIEVE

26  MR. COLELLO'S POSITION IS IN THE OPPOSITE TO THAT.

27      THE COURT:  SO, MR. COLELLO, DO YOU WISH TO ARGUE,

28  AS TO THE FRANKLIN HEARING, AS TO WHY MR. JONES DOES NOT
```

1  HAVE A RIGHT TO BE PRESENT AT THE FRANKLIN HEARING?

2      MR. COLELLO:  I ACTUALLY BELIEVE HE DOES HAVE A

3  RIGHT TO BE PRESENT AT THE HEARING, ASSUMING HE'S GOING

4  TO TESTIFY.

5          IF IT'S JUST A SUBMISSION, WHICH COUNSEL IS

6  GIVEN TO THE COURT, FOR LACK OF A BETTER TERM, IT'S A

7  STATEMENT OF VIEWS.

8          FROM THE DEFENSE PERSPECTIVE, I DON'T

9  BELIEVE HE HAS A RIGHT TO BE PRESENT.  THE SUPREME COURT

10 IS CLEAR, THE PROPER VEHICLE IS JUST THAT.  IT'S A

11 STATEMENT OF VIEWS.

12         SO, UNLESS THERE IS A GOOD-FAITH BELIEF HE'S

13 GOING TO ACTUALLY TESTIFY IF HE'S SUBJECT TO

14 CROSS-EXAMINATION, I THINK IT IS QUITE FOOLISH TO REMOVE

15 SOMEONE FROM STATE PRISON.  PARTICULARLY WITH COVID

16 ISSUES.

17         ANYTIME YOU MOVE SOMEBODY, YOU'RE INCREASING

18 THE RISK OF A SLIP-UP, AN ACCIDENTAL RELEASE, POTENTIAL

19 ESCAPE ISSUES, AND ALL OF THE OTHER SECURITY CONCERNS

20 THAT EXIST WHEN STATE PRISON INMATES, PARTICULARLY

21 CONVICTED MURDERERS, COME DOWN TO THE LOCAL COUNTY JAIL.

22         I AGREE, THOUGH.  CLEARLY, IF HE'S ACTUALLY

23 GOING TO TESTIFY, I THINK HE HAS A RIGHT TO BE PRESENT

24 AND DO SO.

25         I JUST QUESTION WHETHER OR NOT THERE IS A

26 GOOD-FAITH BELIEF THAT HE'S ACTUALLY GOING TO TESTIFY AT

27 A HEARING IN WHICH COUNSEL HAS ALREADY SUBMITTED A

28 STATEMENT OF VIEW.

1    THE COURT:  ALL RIGHT.  MR. PAGLIARI.

2    MR. PAGLIARI:  EXCUSE ME, YOUR HONOR?

3    THE COURT:  I WAS GOING TO FOLLOW UP ON

4  MR. COLELLO'S POINT AS TO WHETHER YOU HAD A GOOD-FAITH

5  BELIEF MR. JONES IS GOING TO TESTIFY OR PRESENT

6  EVIDENCE.

7    MR. PAGLIARI:  SO I'LL POSE THE QUESTION TO YOUR

8  HONOR.

9      IF YOU WOULD LIKE ME TO VERIFY THAT HE WANTS

10  TO TESTIFY AND BE SUBJECT TO CROSS-EXAMINATION, I'M

11  HAPPY TO DO THAT AND COMMUNICATE WITH HIM AND ANSWER

12  THAT QUESTION FOR THE COURT BEFORE THE COURT ORDERS HIM

13  OUT.  IF YOU WOULD LIKE TO PROCEED THAT WAY, IT'S

14  PERFECTLY FINE WITH ME.

15      WE CAN MAYBE PUT IT OVER FOR ANOTHER SETTING

16  DATE.  I CAN GET THAT QUESTION ANSWERED AND GIVE YOU A

17  DEFINITIVE ANSWER BEFORE GOING TO THE TROUBLE OF

18  ORDERING HIM OUT, IF THE COURT WISHES TO PROCEED IN THAT

19  MANNER.

20    MR. COLELLO:  YOUR HONOR, I MIGHT ADD.  IF HE DOES

21  WANT TO TESTIFY AND THERE IS THAT GOOD-FAITH BELIEF, I

22  WOULD STRONGLY URGE THE COURT TO CONSIDER WEBEX OR SOME

23  OTHER REMOTE TECHNOLOGY.

24      I'VE HAD PLENTY OF OTHER CASES, IN THIS

25  CONTEXT AND IN PARTICULAR RESENTENCING CONTEXT, WHERE

26  PEOPLE ARE APPEARING NOW VIA WEBEX FROM STATE PRISON.

27      I CAN, CERTAINLY, EVEN GIVE COUNSEL A COPY

28  OF THE PROTOCOLS OR THE ORDERS THAT MY COURT HAS USED.

1    THERE HAS BEEN ABOUT THREE OR FOUR OF THEM
2  IN THE LAST FEW MONTHS IN MY PARTICULAR COURT.
3    AGAIN, I'M JUST CONCERNED ABOUT THE
4  TRANSPORTATION ISSUES AND THE INHERENT SAFETY AND
5  SECURITY PROTOCOLS INHERENT ANYTIME WE'RE GOING TO
6  TRANSFER SOMEONE FROM STATE PRISON.
7    THE COURT:  I THINK THOSE ARE ALL VERY GOOD
8  SUGGESTIONS.  SO I'M GOING TO TAKE COUNSEL UP ON THOSE.
9  AND ASK MR. PAGLIARI TO INQUIRE OF MR. JONES, TWO OR
10  THREE QUESTIONS.
11    ONE, WHETHER HE INTENDS TO TESTIFY AT THE
12  HEARING.
13    TWO, WHETHER HE'S WILLING TO PROCEED BY WAY
14  OF REMOTE TESTIMONY.
15    I BELIEVE THERE IS A NEW STATUTE, 977.3,
16  WHICH DISCUSSES REMOTE TESTIMONY.
17    I ALSO BELIEVE THERE IS SOME RECENT CASE LAW
18  WHERE A DEFENDANT WANTED TO BE PRESENT FOR A SENTENCING
19  OR RESENTENCING, OBJECTED TO TESTIFYING BY WEBEX.  THE
20  COURT OF APPEAL FOUND THAT IT WAS ERROR NOT TO HAVE THE
21  DEFENDANT PRESENT ABSENT HIS WAIVER, BUT WAS HARMLESS IN
22  THAT CASE.
23    SO I UNDERSTAND YOUR POINTS, MR. COLELLO.
24  BUT I BELIEVE, IF HE HAS A RIGHT TO BE PRESENT GIVEN
25  THAT CASE THAT I'M THINKING OF.  AND I DON'T HAVE THE
26  CITATION FOR YOU OFF THE TOP OF MY HEAD.
27    MR. COLELLO:  YOUR HONOR, I KNOW WHAT THE COURT IS
28  TALKING ABOUT.

1    HERE IS THE MAIN SIGNIFICANT DIFFERENCE.

2    THAT'S AN ACTUAL RESENTENCING, WHICH IS A CRITICAL PHASE

3    OF THE CRIMINAL PROCEEDINGS.

4    A FRANKLIN HEARING IS NOT A RESENTENCING.

5    NOTHING IS GOING TO HAPPEN WITH THE SENTENCE.  THE COURT

6    IS NOT GOING TO MAKE ANY FINDINGS.  IT'S SIMPLY

7    PACKAGING UP MATERIALS, MOST OF WHICH HAVE ALREADY BEEN

8    DONE.  AND THEN THEY WOULD BE TRANSMITTED TO THE

9    DEPARTMENT OF CORRECTIONS.

10    SO I UNDERSTAND THE COURT'S POINT.  BUT I

11    THINK THE MAIN DISTINGUISHING FACTOR IS IT'S NOT AN

12    ACTUAL RESENTENCING HEARING.  AND THAT'S A CRITICAL

13    DISTINCTION.

14    THE COURT:  YES.  EXCEPT I'M PRESUMING THE

15    DEFENDANT WANTS TO PRESENT TESTIMONY.  BECAUSE, IF IT'S

16    JUST THE REPACKAGING AND THE SUBMISSION OF THE

17    DOCUMENTS, THEN I TEND TO BELIEVE THAT HE MIGHT NOT HAVE

18    THE RIGHT TO BE PRESENT.  BECAUSE HE HAS NOTHING TO

19    OFFER.

20    IF WHAT IS BEING OFFERED IS SIMPLY THE

21    PACKAGE THAT THE DEFENSE IS PRESENTING, THERE IS NO NEED

22    FOR THE DEFENDANT TO BE PRESENT JUST TO SUBMIT IT.  BUT

23    IF HE WANTS TO BE PRESENT AND TO TESTIFY, THE

24    DISTINCTION BETWEEN A RESENTENCING AND A FRANKLIN

25    HEARING SEEMS A LITTLE BLURRY TO ME.  AND HE MAY HAVE

26    THE RIGHT TO BE PRESENT TO ACTUALLY GIVE TESTIMONY AND

27    BE SUBJECT TO CROSS-EXAMINATION IN PERSON.

28    BUT WHY DON'T WE ADDRESS THOSE ISSUES IN THE

```
 1  NEXT BRIEFING LEVEL.

 2              SO, MR. PAGLIARI, QUESTION ONE IS:  DOES HE

 3  WANT TO TESTIFY.

 4              QUESTION TWO:  DOES HE WANT TO BE PRESENT OR

 5  CAN HE APPEAR BY WEBEX.

 6              AND QUESTION THREE, I GUESS FOR BRIEFING,

 7  WOULD BE:  WHETHER THE COURT, GIVEN THAT IT'S A FRANKLIN

 8  HEARING, CAN PROCEED BY WAY OF REMOTE TESTIMONY OVER THE

 9  DEFENDANT'S OBJECTION.

10              SO LET'S TALK ABOUT A BRIEFING SCHEDULE ON

11  THAT.

12              HOW MUCH TIME WOULD YOU LIKE, MR. PAGLIARI?

13     MR. PAGLIARI:  TO SUBMIT A BRIEF AS TO WHY HE

14  SHOULD BE PHYSICALLY PRESENT VERSUS VIA WEBEX?

15     THE COURT:  WELL, I GUESS YOU SUBMIT THE ANSWERS TO

16  ONE, TWO AND THREE.

17     MR. COLELLO:  OBVIOUSLY, THE ANSWER TO NUMBER ONE

18  OR TWO DON'T REQUIRE HIM TO BE HERE, THEN WE WON'T HAVE

19  TO BRIEF NUMBER THREE.

20     MR. PAGLIARI:  SO, YOUR HONOR, WHY DON'T WE DO

21  THIS.  IF WE HAVE A SETTING DATE, I CAN FIND OUT EXACTLY

22  WHAT MY CLIENT WANTS TO DO.

23              AND IF HE DOES WANT TO TESTIFY -- I THINK I

24  AGREE WITH MR. COLELLO.  IF HE CHOOSES NOT TO TESTIFY,

25  THEN THE ISSUE IS PRETTY MUCH MOOT.  AND I'LL SUBMIT ON

26  THE BRIEF.  I HAVE NO PROBLEM DOING THAT.

27              THE ONLY ISSUE I HAVE IS, IF HE REALLY WANTS

28  TO BE HERE TO TESTIFY AND BE SUBJECT TO
```

```
 1   CROSS-EXAMINATION, THEN --

 2        THE COURT:  I SEE WHERE YOU'RE GOING.

 3             SO WHY DON'T WE HAVE A RELATIVELY SHORT

 4   CONTINUANCE TO FIND OUT IF YOUR CLIENT WANTS TO TESTIFY.

 5   AND ONCE WE GET THAT ANSWER, WE CAN MAKE THE RIGHT

 6   DECISIONS AFTER THAT.

 7        MR. PAGLIARI:  SO HOW IS AUGUST 23, YOUR HONOR?

 8        THE COURT:  AUGUST 23.

 9        MR. PAGLIARI:  THAT WILL GIVE ME TIME TO CIRCULATE

10   A LETTER BACK AND FORTH AND GET SOMETHING IN WRITING.

11             BY THE WAY, YOUR HONOR, IF HE DOES NOT WANT

12   TO TESTIFY, I THINK I SHOULD CIRCULATE A WAIVER TO THAT

13   EFFECT TO MAKE SURE THERE IS NO ISSUE.

14        THE COURT:  YES.  THAT WOULD BE GREAT.

15             LET'S SET THE FURTHER STATUS RE: TESTIMONY.

16   AND THAT WILL BE FOR AUGUST 23, 8:30 A.M.  THAT'S A

17   NONAPPEARANCE.

18             ANYTHING FURTHER, THEN, AT THIS TIME?

19        MR. PAGLIARI:  NOTHING FURTHER.

20        MR. COLELLO:  NO, YOUR HONOR.  THANK YOU VERY

21   MUCH.

22        THE COURT:  THANK YOU.

23             (WHEREUPON PROCEEDINGS WERE CONCLUDED.)

24

25

26

27

28
```

## PROOF OF SERVICE
## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, **AMOS J. JONES**_____, declare:

I am over 18 years of age and a party to this action.  I am domiciled in Central Training Facility,

a California State Prison, in the county of **MONTEREY**_____.  The address at this facility

is P.O. Box 689, Soledad, California [93960].

On __Jan 25,2024__, I served the attached:

**42 U.S.C. 1983 Complaint**

_____

_____

On the parties herein by placing true and correct copies thereof, enclosed in an unsealed

envelope, with the postage thereon fully paid, in the United States Postal Mail Box so provided

at the above-named correctional institution in which I am presently domiciled.  The envelope

was addressed as follows:

**EDWARD R. ROYAL FED BUILDING**

**255 E. Temple**

**LOS ANGELES, CA 90012**

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on this __25__ day of __Jan__, __2024__     Signature: _Amos Jones_____

**Prison Mailbox Rule**

Under the "Prison Mailbox Rule" a prisoner's legal document is deemed filed, for statute of limitation purposes, when he hands it over to prison
authorities for mailing [Houston v. Lack (1998) 487 U.S. 266, 274; Huizar v, Carey(9th Cir. 2001) 273 F.3d 1220. 1222.]  The mailbox rule
applies to prisoners filing in both federal and state courts. [Huizar, 273 F.3d at p. 1223.]





Jerrod R. Royal FED Building
255 E. Temple
Los Angeles, Ca. 90012

RECEIVED
CLERK, U.S. DISTRICT COURT
JAN 29 2024
CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

tional Training Facility
es Jones # h:29556
Housing cell 219 up
o. Box 689
olad, Ca. 93960

